## SCOTT *v.* STATE.

Opinion delivered September 28, 1925.

1. CONTINUANCE—ABSENCE OF WITNESS.—A motion for continuance on account of the absence of a material witness is insufficient in stating that the witness is physically unable to be present at the trial, without stating the nature of the physical disability.

2. CRIMINAL LAW—EVIDENCE PROCURED BY DURESS.—Where a witness refused to testify at all, it was not improper for the court to send the recalcitrant witness to jail until she would testify, and her testimony so procured was not incompetent as procured by duress.

3. CRIMINAL LAW—INSTRUCTION AS TO DEFENDANT'S RIGHT TO TESTIFY.—An instruction that the defendant had a right to testify, and that the fact that he did not avail himself of this right was not to be considered against him, was not prejudicial to defendant.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*O. D. Thompson* and *Robert L. Rogers,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

McCULLOCH, C. J. Appellant was convicted of carnal abuse of a girl about fourteen years of age. The girl testified that on a certain night she was returning home alone from a religious service in the neighborhood, and that appellant accosted her and forcibly had sexual intercourse with her. The parents of the girl, and other witnesses introduced by the State, testified that she was fourteen years of age at the time.

The first assignment of error relates to the ruling of the court in refusing to grant appellant's motion for a continuance on account of the absence of a witness, who would have testified, according to the allegations of the motion, that the girl was more than eighteen years of age at the time of the alleged commission of the crime. In the motion for a continuance it was stated that the absent witness would testify that she was acquainted with the girl and knew her to be more than eighteen years of age; that the witness had been summoned and was not

absent by the connivance or procurement of appellant, and that the witness was physically unable to be present at the trial, but that her attendance or deposition could be procured if the cause was continued. The motion contained no details as to the character of the physical disability of the witness and no evidence was offered of such disability. The motion merely stated that the witness "is physically unable to be present at this date." The allegations in the motion were therefore insufficient to justify the court in granting a continuance. *Wood* v. *State*, 159 Ark. 671.

It is next contended that the testimony of the injured girl was extorted from her by duress exercised by the trial judge and the prosecuting attorney, and that the court erred in permitting the witness under those circumstances to testify against appellant. The testimony of the girl is set forth in full in the record, and it appears that she was called by the State as the first witness, and, after a few preliminary questions concerning her age and acquaintance with appellant, she was informed by the prosecuting attorney of the charge against appellant and requested to "go ahead and tell the jury all about it and just what happened." To this question the witness made no answer, and, after being urged by the prosecuting attorney to "go ahead and tell where you had been and all about it," the girl began crying, whereupon the trial judge said, "Go ahead, young lady, and tell the truth; nobody is going to hurt you. Just tell what occurred out there." The girl made no answer either to the trial judge or to the prosecuting attorney, and, after repeated urging without results, the court suggested to the prosecuting attorney that he call another witness and that "maybe the witness can collect herself and answer your questions by that time." The girl was then temporarily excused from the witness stand, and her father was put on the stand to testify concerning her age and certain other matters. The girl was then recalled to the witness stand, and made no answer to any of the questions propounded to her. Her attitude was manifestly

one of unqualified refusal to answer questions, and finally the court said to her, "Young lady, I am getting out of patience with you. I think it is as much stubbornness as anything else. Take your hands down from your face and answer the question." The court then directed the girl's father to take her into the jury room and "see if you can do anything with her," and directed the prosecuting attorney and one of the attorneys for appellant to accompany them. After a short absence all of the persons named returned to the court room, and the attorney for appellant made objections to the introduction of the witness on the ground that duress was being used to force the witness to testify. This occurred during the afternoon, and the court announced that there would be an adjournment over until next morning, and stated to the witness that she would be expected to answer questions the next morning and tell the truth. On the next day the girl was recalled to the witness stand, and when the first question was propounded to her she announced that she was not going to prosecute appellant and gave the same answer to repeated questions. There was one question, however, which she answered in the negative, and that was the one propounded by the prosecuting attorney as to whether or not she had ever had sexual intercourse with appellant. She answered, "No, sir." The prosecuting attorney then asked her if her testimony before the grand jury was false, and she made no answer to that question. The court then directed the sheriff to take the witness to jail, and the jury was allowed to separate with the usual admonition not to have any conversation about the case. In the afternoon the girl was again called to the witness stand and answered the questions of the prosecuting attorney, narrating the circumstances under which the alleged crime was committed. She was cross-examined at length by appellant's counsel, and other witnesses were introduced tending to show contradictory statements made by the girl to other persons.

Appellant insists that the record shows that coercion was used to compel the girl, not merely to testify in the case, but to testify to particular facts against the appellant, and counsel contend that this rendered the testimony of the witness incompetent. We do not agree with counsel that they are correct in their contention as to what the record shows. It is true that one answer given by the witness exonerated appellant from guilt, and that was the only question which was answered by the witness until she finally concluded to testify in full. It is manifest, however, from a consideration of the whole record that both the trial judge and the prosecuting attorney were merely endeavoring to induce the witness to testify—not to compel her to testify to any given state of facts. She was repeatedly admonished that all she was expected to do was to tell the truth and to narrate what had happened, if anything, between her and appellant on the occasion mentioned in the indictment. Certainly it was the duty of the court to compel a recalcitrant witness to testify. We find it unnecessary to determine what would have been the effect if the recital of the record was sufficient to show that any other effort was made than to merely compel the witness to testify.

Finally, it is insisted that the court erred in giving the following instruction on its own motion:

"4. The defendant had the right to testify, and the fact that he did not avail himself of this right is not to be considered against him. This right is a privilege and not a duty, and the fact that he did not avail himself of this right cannot be considered by you in determining his guilt or innocence of this charge."

The contention is that this instruction amounted to a comment by the court on the fact that the appellant has not testified in the case, and was in violation of the statute conferring upon an accused person the right to testify. Crawford & Moses' Digest, § 3123. The instruction of the court was for appellant's own benefit, and it was an instruction which it was the duty of the court to give, if requested to do so by appellant. The fact that

the court gave the instruction on its own motion, as an admonition to the jury, does not render it harmful or prejudicial.

We find no error in the record, and the judgment is therefore affirmed.